O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY L. HOLLOWAY,<br><br>            Plaintiff,<br><br>    vs.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>            Defendant. | CASE NO. CV 10-05765 RZ<br><br>[Corrected as to case name only]<br>MEMORANDUM OPINION<br>AND ORDER |

        In this action to review an adverse disability decision by the Social Security Commissioner, Plaintiff Tony L. Holloway principally complains that the Administrative Law Judge misapplied the doctrine of administrative *res judicata*. Plaintiff complains that the prior disability decision is not part of the administrative record, so that the conclusion that administrative *res judicata* applies cannot be evaluated.

        In the abstract, that might be a good argument. But there is no dispute that, in the prior determination, the Commissioner found that Plaintiff was capable of light work, even if the explication of the evidence contained in the prior decision is not a matter of this record. In the current decision, the Administrative Law Judge found that Plaintiff is capable of medium work. [AR 23] Thus, the Administrative Law Judge in the present matter found that Plaintiff was capable of more physically strenuous work now than earlier

when Plaintiff also was found not to be disabled. If the Administrative Law Judge erred in applying the doctrine of administrative *res judicata*, the error was without consequence.

The question instead is whether substantial evidence supports the decision that the Administrative Law Judge *did* make. The finding that Plaintiff could perform medium work rested on the examination by the consulting physician Dr. Enriguez. [AR 25] Plaintiff points out, however, that there were subsequent radiological tests, and asserts that Dr. Enriguez's assessment cannot stand as substantial evidence backing the Administrative Law Judge's finding recommendation. The Commissioner disagrees, but the Court finds the Commissioner's arguments unpersuasive.

First, the Commissioner asserts that it is the doctor's examination that counts, not the subsequent imaging studies. (Defendant's Memorandum at 5:16-18.) The case it cites for that proposition, *Tonapetyan v. Halter*, 242 F.3d 144, 149 (9th Cir. 2001), does not support the argument. Nor does it make sense that, if there are later studies that might affect a physician's evaluation, that the studies could simply be ignored because the physician had made his evaluation without them.

Second, the Commissioner asserts that the Administrative Law Judge did consider the imaging studies, and that his consideration is sufficient because he is the arbiter of the facts. (Defendant's Memorandum at 5:18-20.) But, while he may be the arbiter of facts, he is not a doctor. A medical expert needs to evaluate medical studies, not a lay person. *Manso-Pizarro v. Secretary of Health and Human Services*, 76 F.3d 15, 17 (1st Cir. 1996); *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975). Based on a physician's assessment of the studies, an administrative law judge can make findings, but that was not done here.

///
///
///
///
///

Hence, the record is left incomplete, and further evaluation is needed. Accordingly, the matter is reversed, and remanded for further consideration consistent with this memorandum.

IT IS SO ORDERED.

DATED: September 28, 2011

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE